United States District Court
Southern District of Texas
**ENTERED**
June 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHEVAJA NAZIMUDDIN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-04717 |
| | § | |
| WELLS FARGO BANK N.A., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed this case against Defendant Wells Fargo Bank, N.A. Pending before the Court are Defendant's Motion to Dismiss (ECF 20) and Plaintiff's Motion for Summary Judgment (ECF 18). Each motion is fully briefed. Having considered the parties' submissions and the law, the Court recommends that Defendant's motion (ECF 20) be granted and Plaintiff's motion (ECF 18) be denied for the reasons set forth below.[1]

## I.    Factual and Procedural Background.

According to Plaintiff's Amended Complaint, "unknown identity thieves" initiated three wire transfers out of Plaintiff's Wells Fargo bank accounts. ECF 14 at ¶ 12. The wire transfers occurred on or about July 27, 2023 through July 31, 2023 and totaled $23,657.71. *Id.* at ¶¶ 16, 19.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

Plaintiff brings this case against Defendant Wells Fargo Bank asserting claims for various violations of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693-1693r, and a claim for breach of contract.  ECF 14.  Plaintiff attaches numerous exhibits to his Amended Complaint.  *Id.* at 33-87.  Defendant filed the instant Motion to Dismiss and attaches the Online Access Agreement between the parties.  ECF 20; ECF 20-1.  The motion is fully briefed.  ECF 22; ECF 24.  Months after the briefing period closed, Plaintiff filed an "Addendum" to his response. ECF 29.

## II.    Rule 12(b)(6) Standards.

Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) authorizes the dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017)

(citation omitted).   However, "it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citation omitted).   The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted).

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.   "When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citation omitted).   "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000); *see Robles v. Ciarletta*, 797 F. App'x 821, 831-32 (5th Cir. 2019) (explaining that video and police report referred to in the complaint were properly considered at 12(b)(6) stage).   The exhibits attached to Plaintiff's Amended Complaint and to Defendant's Motion to Dismiss are properly before the Court for purposes of the current motion.

### III.    Analysis.

### A. Defendant's Motion to Dismiss should be granted.

Defendant moves to dismiss all of Plaintiff's claims, arguing that (1) the EFTA does not apply to wire transfers or allegations deriving from allegedly unauthorized wire transfers and (2) Plaintiff has failed to state a claim for breach of contract.  ECF 20.  The Court addresses each argument in turn.

### 1. Plaintiff's claim for violations of the EFTA should be dismissed.

The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems."  15 U.S.C. § 1693(b).  Regulation E was promulgated to "carry out the purposes" of the EFTA.  15 U.S.C. § 163b(a); *see* 12 C.F.R. § 205.1.  Regulation E defines an "electronic fund transfer" as "any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account."  12 C.F.R. § 205.3(b)(1); *see* 15 U.S.C. § 1693a(7).  However, Regulation E specifically excludes certain types of transfers from EFTA coverage, including:

> (3) **Wire or other similar transfers**. Any transfer of funds through Fedwire or through a similar wire transfer system that is used primarily for transfers between financial institutions or between businesses.

12 C.F.R. § 205.3(c)(3) (emphasis added).

4

Plaintiff's Amended Complaint alleges that Defendant violated the EFTA in connection with three "unauthorized wire transfers."  ECF 14 at ¶¶ 19, 43.  The exhibits attached to the Amended Complaint further demonstrate that the disputed transactions were wire transfers.  *See* ECF 14 at 34 (email from Defendant stating "Your wire transfer is being processed"); *id.* at 37 (same).  In response to Defendant's Motion, Plaintiff argues that Defendant has not shown the wire transfers were made through Fedwire.  ECF 22 at 1.  But, the EFTA excludes from its coverage both wire transfers made by Fedwire or "through a similar wire transfer system that is used primarily for transfers between financial institutions." 12 C.F.R. § 205.3(c)(3).  Plaintiff has not alleged that the disputed wire transfers were not made via a "similar wire transfer system that is used primarily for transfers between financial institutions."  *Id.*  Further, Exhibit H attached to Plaintiff's Amended Complaint demonstrates that the funds were wired to a bank by wire transfer. ECF 14 at 41 (letter to Plaintiff from Defendant stating:  "As a courtesy we initiated one or more wire recalls on your behalf to attempt recovery of the funds from the bank that received these wire transfer.").  Because Regulation E excludes "[w]ire or other similar transfers" from the definition of "electronic fund transfer," the EFTA does not apply to the wire transfers of which Plaintiff complains in this case.  *See Stepakoff v. IberiaBank Corp.*, 2022 WL 16555034 (S.D. Fla. Oct. 31, 2022) (granting motion to dismiss because EFTA does not apply to wire transfers);

5

*McClellon v. Bank of America, N.A.*, 2018 WL 4852628 (W.D. Wash. 2018) (dismissing EFTA claim where "by its very terms, the amended complaint s[ought] to hold BOA liable for allegedly fraudulent wire transfers"); *Fischer & Mandell LLP v. Citibank, N.A.*, 2009 WL 1767621 (S.D.N.Y. June 22, 2009) (noting that "'wire or other similar transfers' are explicitly excluded from the definition of 'electronic transfer'"). Therefore, Plaintiff's EFTA claim should be dismissed with prejudice because amendment would be futile.

### 2. Plaintiff's claim for breach of contract should be dismissed.

Plaintiff's Amended Complaint identifies a claim for "violation of promised security procedures." ECF 14 at 31. The Court construes this as a claim for breach of contract. To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Wesdem, L.L.C. v. Illinois Tool Works, Inc.*, 70 F.4th 285, 294 (5th Cir. 2023) (citing *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010)).

Plaintiff's Amended Complaint alleges:

102. The Defendant did not follow the security procedures it promised the Plaintiff. The Defendant did not provide the liability limitations it promised. Wells Fargo has accepted Payment Orders in the face of one or more of the red flags identified in the preceding paragraph, all of which are common indicators of potentially fraudulent activity that should trigger robust verification protocols.

6

ECF 14 at 31.  Plaintiff's Amended Complaint further alleges that Defendant never called him and never restricted his account after the first wire transfer.  ECF 14 at ¶ 91.  These allegations appear to be based on a screenshot of Defendant's website attached as Exhibit W to the Amended Complaint.  *See* ECF 14 at 54.  Defendant argues that the applicable contract between the parties is the Online Access Agreement, not Defendant's website.  *See* ECF 20-1.  In response, Plaintiff maintains that the statements on Defendant's website are part of the contract because he reviewed the website before agreeing to the Online Access Agreement.  ECF 22 at 3.

Plaintiff does not allege any facts demonstrating that Defendant's statements on its website constitute a valid contract with Plaintiff.  Both parties agree, however, that they are parties to the Online Access Agreement.  Yet, Plaintiff does not identify any contractual provision of the Online Access Agreement Defendant allegedly breached.  *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) (citation omitted) ("This Court and others throughout this Circuit have consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'").  Therefore, Plaintiff has failed to state a plausible claim for breach of contract against Defendant.

7

To be sure, even if the Court considered Defendant's statements on its website to be part of a contract with Plaintiff, Plaintiff still fails to sufficiently allege a breach of contract by Defendant.  Plaintiff's Amended Complaint alleges that Defendant did not follow the promised security procedures listed on the website because Defendant never called him, never restricted his account after the first wire transfer, and did not prevent or delay online payment.  ECF 14 at ¶ 91.  But the Defendant's statements on the website do not warrant or promise that Defendant will take those actions.  Rather, the language on the website (as provided in the attachment to Plaintiff's Amended Complaint) indicates that Defendant *may* take the following actions:

> We help keep your money safe by monitoring your accounts and *may* contact you if we detect unusual activity.  If it's not your purchase, we will help you resolve it.  We use various methods to contact our customers including email, text, push notification from the mobile app, or phone call. …
>
> If we notice banking behavior that differs from your usual activity, we *may* take the following steps to help protect your accounts:
> - Send you an access code to confirm your identity before you complete actions online
> - Prevent or delay online payments
> - Decline card transactions
> - Restrict access to online banking, which may require further proof of identity before it is restored.

ECF 14 at 86 (emphasis added).  "A breach of contract … only occurs when a party fails or refuses to perform an act that it expressly promised to do."  *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary LP*, 207 F. Supp. 2d 570, 575 (N.D.

Tex. 2002).  Because Defendant did not expressly promise to perform the security procedures, Plaintiff's allegation that it failed to do so does not plausibly allege a breach of contract.

For these reasons, Plaintiff's breach of contract claim should be dismissed. Generally, courts should not dismiss a pro se complaint without "providing an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011).  The Fifth Circuit has explained that a court may assume a plaintiff asserts its "best case" after the plaintiff is "apprised on the insufficiency" of the complaint. *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (finding plaintiff was given an opportunity to plead her best case and correct any insufficiencies where she filed a "lengthy response" to defendant's motion to dismiss).  Here, Plaintiff has filed a response and a surreply to Defendant's Motion to Dismiss.  ECF 22; ECF 29.  None of Plaintiff's filings sufficiently state a plausible breach of contract claim against Defendant.  Given the lengthy briefing by Plaintiff, the Court concludes Plaintiff has stated his best case. Therefore, his claims should be dismissed with prejudice because amendment would be futile.

### B. Plaintiff's Motion for Summary judgment should be denied.

Defendant argues Plaintiff's summary judgment motion should be denied as premature because basic discovery has not been conducted.  ECF 25 (collecting

cases). The Court agrees Plaintiff's Motion should be denied as premature. Furthermore, where the summary judgment movant bears the burden of proof, as Plaintiff does here, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Given the Court's conclusion that Plaintiff cannot state a plausible claim for relief against Defendant, it follows that he has not established all of the essential elements of his claims and is not entitled to summary judgment. Therefore, Plaintiff's Motion for Summary Judgment should be denied.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 20) be GRANTED and Plaintiff's Motion for Summary Judgment (ECF 18) be DENIED. The Court further recommends that Plaintiff's claims be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 24, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge